**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Willie E. Brown,<br>Plaintiff,<br>vs.<br>City of North Las Vegas, *et al.*,<br>Defendants. | Case No. 2:26-cv-02237-CDS-MDC<br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE (ECF NO. 1)** |

Prisoner *pro se* plaintiff Willie E. Brown filed an *Application to Proceed In Forma Pauperis* ("IFP"). *ECF No. 1*. The Court **DENIES** the IFP application without prejudice, with leave to refile by **September 17, 2026**. *Id.*

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

## II. PLAINTIFF'S IFP APPLICATION

Plaintiff is currently incarcerated in Clark County Detention Center and filed a prisoner IFP application and financial certificate. *ECF No. 1*. However, his IFP application is deficient for several reasons. First, plaintiff does not include an inmate trust fund account statement (or any institutional equivalents) covering the last six months as required under the PLRA. *See id.*; 28 U.S.C. § 1915(a)(2). Plaintiff must include such an inmate trust fund account statement as part of his application. In plaintiff's financial certificate, he also lists "NA" for his average monthly balance and deposits, and does not have a filing fee amount.[1] *ECF No. 1* at 4. Plaintiff must give money amounts for his average monthly balance and deposits so that his filing fee can properly be determined.

Therefore, the Court finds it cannot decide plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file his IFP application. If plaintiff wishes to proceed IFP, he must file a complete prisoner IFP application in accordance with the PLRA as outlined in this Order. If plaintiff has not been incarcerated for six months, he must state so in his application and still submit a financial statement and inmate account statement covering the dates he has been incarcerated. *See* LSR 1-2; *see also Leslie v. Wilson*, No.: 3:25-cv-00523-MMD-CSD, 2025 WL 3222491, at *1 (D. Nev. October 17, 2025) (stating that if "the inmate has been at the institution for less than six months, 'the certificate must show the account's activity for this shortened period.'" (citing LSR 1-2)).

//

---

[1] Plaintiff lists "#2" when listing the filing fee amount, which the Court construes as listing that his average monthly balance is his filing fee. *ECF No. 1* at 4. However, as stated above, he only lists "NA" for his average monthly balance. *Id.*

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Willie E. Brown's *Application to Proceed In Forma Pauperis* (ECF No. 1) is **DENIED** without prejudice.
2. By **September 17, 2026,** plaintiff shall either pay the full $405 filing fee OR file a complete IFP application as outlined in this Order.
3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.
4. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. *See* 28 U.S.C. § 1915(e)(2).

DATED: August 17, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**